Field Number 06-3406, Garcia v. Department of the Army Mr. Devine, good morning. Good morning. Thank you, Ron. Please proceed. Thank you. May it please the court. Mr. Garcia was terminated from his position of Information Technology Specialist after 15 years of outstanding service to the federal government. This was the first offense of misuse and abuse of government property. Under this charge, there were four specifications mentioned. Two of which were sustained by the administrative judge, and two of the specifications were not sustained. The two charges that were not sustained are important not just because they were not sustained, but because the judge's findings on those charges are inconsistent with the sustained charges. The two charges that were not sustained by the administrative judge were that Mr. Garcia gave his password to Elisa Pacheco in April 2004, which the judge found there was no evidence to support, and the second charge was that Mr. Garcia, during the period between October 2004 and December 2004, had somehow reinstated his own administrative access rights after those rights had been suspended. As to this charge, the judge found that Lt. Col. Wright had decided to give petitioner network access to see what he could do with it. In other words, he found that Wright had given him the access. As noted earlier, these charges are important to keep in mind as we take a look at the two charges that were sustained. The next charge against Mr. Garcia was that around September 2004, he gave his password to a government contractor, Francine Johnson, who was working on the computer system. I assume you want me to be with you. I'm not with you because I don't understand your point. I thought that your contention at the outset was stating as being the sustained charges can't stand because they're fairly inconsistent with the two charges that were not sustained. That's correct. I don't understand how that would be so. The charges seem to be quite separate and distinct, so I don't see why there would be any impact on charge number two sustained because charge number one was not sustained. Well, what happens is the factual finding, the underlying finding that's associated with that, later contradicts the finding, particularly with regards to the fourth charge. You'll have to help me here. You'll have to show why some underlying finding guts the evidence in support of the sustainment of the later specification. Yes, sir. With regards, though, to the third charge was that in 2004, he gave his password to the government contractor and that there was no question that she was entitled to access or needed it to work on the system. The real problem was that not that he gave up the access to the system, she had access. That was her job, to work on the computer system. What he should have done was give her a temporary password rather than giving his password to get on the system. But what the agency did when they charged this particular offense is they tried to enhance the charge by saying that she improperly accessed the network. That's not true. Ms. Francine Johnson was a long-term contract employee there and had access to the computer system because that was her job, to fix the particular system. Now, the fourth charge was that Mr. Garcia made multiple attempts to access sensitive information from employees' folders. Folders, which the evidence showed, were a shared drive, which meant all employees had access to, and which consisted mostly of music files and junk files. And as to the charges which were sustained by the administrative judge, the judge made legal errors, and there is no evidence, not even substantial evidence, to support the charges. In fact, you never have to re-go beyond the judge's decision to file themselves. You're making a totally different argument. I thought your first argument was the sustained charges are legally defective because they're fairly inconsistent with the non-sustained charges. Now you seem to be saying the two sustained charges are fairly defective because there's actually no evidence at all in the record that supports what you're saying. And it's contradicted by the other two charges. Yes, sir. That's why it's so clear that there's a mistake by the administrative judge, because the factual findings that are relevant to the two charges that were not sustained contradict any type of finding that could be made on the other two charges. How so? Well, Judge, with respect to that charge, that would go to the fourth charge mostly. And with regards to that particular charge, that he improperly accessed the system. As I mentioned above, there was no evidence that he improperly accessed the system. Instead, he specifically assigned the task to go into the system to create the fast forward. I'm sorry, Judge, I was off. As to the second sustained charge, Mr. Garcia improperly attempted to access co-worker-sensitive electronic files. The charge is without merit because there was no evidence that any of the information was sensitive. In fact, the information was found on a shared drive, which all employees have access to, and the files were junk. The files were music files. It was like the employee's shared network. They could simply go on there and look at things, and that's where they stored their junk files. Now, the agency never attempted to produce any evidence of what was contained in those files when you go to them. There was no evidence whatsoever of that. In addition to the agency's failure to provide any evidence that there was any sensitive information on those files, the evidence showed that everyone had them, and there was nothing confidential. And if you go back to reading the proposed action, which tells us what the child charges are, none of that information, none of the information in those charges was proved at the hearing. There was no information to show that it was sensitive, that it was privileged, or the person just didn't have access to it. But the purely legal reason for finding the charge cannot be sustained, and this is finally answering your question. I apologize for taking so long. The judge found that Mr. Garcia was not attempting to access the files, but instead he was attempting to test his access to see if his access had been restored. This is consistent with the fact that supposedly he viewed 40 pages of files in 30 seconds. Obviously, he was not reading the folders. He wasn't going into the files. He wasn't reading anything. He was attempting to access to determine whether he had his access restored. As a matter of law, an attempt requires specific intent to commit the act. However, here, according to the judge's finding, Mr. Garcia's intent was not to access his co-workers' music files or his junk files, but to determine if his access had been reinstated. Having no intent to commit the act of accessing the folders to obtain sensitive information results in the charge not being able to be sustained. There's also the problem with the inconsistency. As you recall, he found that Mr. Garcia had not reinstated his own access. That was a charge that was not sustained. The charge was saying that you reinstated your own access. The judge said no. There's no evidence to support that charge. Instead, what the judge found was that Lieutenant Colonel Wright had admitted that he decided to unlock Petitioner's access to see what he would do and attempt to track it. If that was true, and Lieutenant Wright, by his own admission, had reinstated his access to sensitive information, then Mr. Garcia would have been entitled to the entire system. He was able to do that. His access was as a systems administrator. In other words, if his rights had been restored, he had access to anything he wanted to. Therefore, the judge can't find that he did not reinstate his own access and then, by the same token, find that he did something wrong. Because if, in fact, he found that Lieutenant Wright had given him this access, then by all intents and purposes, he could go to anything in the files. Why would he need to attempt anything? He would have had access to everything as a systems administrator. Of course, because the files here in question were only on a shared drive, not everyone else could get to those files anyways. Finally, the judge finds no motive that Mr. Garcia could be set up on this. Yet immediately before this finding, he finds that Lieutenant Colonel Wright reinstated his rights to see what he would do, to try to track him. That establishes Lieutenant Colonel Wright's motive in trying to track Mr. Garcia. Now, the easier charge to look at is the first charge that he gave this clearance, I mean, I'm sorry, he gave access or password to Francine Johnson in September 2004. The only evidence was it was impossible for him to give her access in September 2004. She was not working in Jacksonville at that time and never spoke to Mr. Garcia at that time. Instead, after it was established that he could not possibly have done this, which is the charge that was made, and as you all know, an agency is responsible for approving the charge that was made. That was the specific charge that was made. The agency decides to change the charge around a little bit and say, wait a minute, the date is incorrect. And now the allegation is another date in 2004. But that's the question. The issue they presented was, is it a harmful error? And why does it matter? And here is the answer. It is significant that in reading the proposed removal, which cites the charges, the agency acknowledges the March 2004 event stated. Even after this, around September 2004, it was discovered, and you admitted that you had again given your assigned user identification password and access privilege to Ms. Francine, a contract representative employee. At the hearing, he didn't claim that he misunderstood. He was asked if they said September, would you have understood March or something like that. And he said, yeah, I would understand if it was March. So how is he prejudiced? Because the assigned official specifically found that the action was more egregious because it happened again. But there's a better argument for that, and that is the agency charged him in September. It did charge him in March. In fact, it already disciplined him in March. In March, he received a reprimand. Now, that's a specific factual finding by the judge. In other words, the judge said, this happened in March. He specifically found that. Therefore, he had already been counseled with regards to that. So the charge in 2004 just never existed. When they wrote it up, the charge, it was just wrong. The agency was confused. So when we got to the hearing, our position was that when you charge somebody, even after, and you again did this wrong, there's a heightened scrutiny. He wasn't recommended. He was counseled. He was counseled, which is a form of a disciplinary action. It's not agreeable. What case says that? Pardon me? What case says that's a disciplinary action? Actually, that's covered in the collective bargaining agreements. The collective bargaining agreements usually tell whether it is not agreeable or whether it's formal or informal. But in this particular case, judge, if you look at the actual decision, specifically, pivot to page 14, the judge specifically states that this March incident, right here, judge, on December 14th, Ms. Cabasa, the counselor, signed a memorandum talking about this counseling session in which she says she refers to the revocation of his system administrative privileges in May 2004 based on providing his password to Ms. Pacheco and Ms. Johnson. How do I know that's a punishment? Well, judge, I mean, because if you look at the wording later on, if you look at the charges, the actual charges, and you go to the red appendix and you look at the actual charge, at page 49, it says, even after this, around September 2004, in other words, even after we had this problem earlier, did you do it again? But he didn't do it again. It never happened. That's why it was wrong. The charge is just bogus. It's not even factual. Well, the punishment question, well, he had already been counseled, and that is a form of, you know, I mean... Why? Judge, um... I'm sorry. Counseling is a form... You know, the fact of the matter is that he had been counseled on it, they had waited on it, they had taken action on it, they had revoked or removed part of his access at that time, they had proceeded to take the appropriate disciplinary action, that is, to meet with counseling. Why is counseling a disciplinary action? Why couldn't you bring it later? You may have been able to, but the charge is that you again did it. And if you look at the deciding official, who is the person that hears the proposed action, he stated that the reason he thought this was so egregious was that, in fact, he had just been counseled on it, and now, again, he repeats it. So the answer to your question is the deciding official believed it was particularly egregious because he had just been counseled on it. But the event that he's relying on had not yet occurred. So the factual finding, what we are having to try to defend in the hearing is this particular allegation, which is inaccurate. It doesn't exist. And the judge made a specific factual finding that did not exist at the time that they charged. So they enhanced the punishment based on the fact that it was a repeat offense. Now, in addition to the fact that the punishment was enhanced by the administrative judge, during the course of the testimony, the JAG officer, the major responsible for investigating the Snyder complaint, he testified under oath that giving the password to this person who already had access to the complete network was a very minor offense. Those were his words. It was a minor offense. Because she otherwise had access. I see that I'm in my rebuttal time, so I'd like to just reserve that for just a few seconds. Thank you. Thank you. Ms. Coleman? Good morning, Your Honor. May it please the Court, we respectfully request that this Court affirm the decision of the MSTB affirming Mr. Garcia's removal because the MSTB correctly sustained the two specifications supporting the charge and also correctly held that removal was a reasonable penalty. I want to start with the first specification, and the most important point here is that the undisputed fact is that Mr. Garcia admits that he gave his user ID and his password to Ms. Johnson, who is a private contractor. Now, this would be serious for any individual in any agency, but this is particularly serious in Mr. Garcia's case. His job involved information security. He, more than anyone, should have known better than to give his username and password out to a contractor. It was also serious because he had administrative access to the system. Mr. Garcia tries to say that the contractor would have been given the same amount of access that she had to have the same amount of access to work with the system. That's not true. She did not actually have the security clearance necessary for the type of access that Mr. Garcia had with his password. And finally is the national security issue here. This is not just any agency we're talking about. It's the Army, specifically a battalion that tracks shipments to Iraq. So using Mr. Garcia's password, any individual could have gotten access to particularly sensitive information. So as I understand your argument, you're saying there can't be a question about the sufficiency of the proof because there didn't need to really be any separate proof because the act was admitted by the petition. That's correct, Your Honor. And this issue about the date of the specification, really, it is harmless error. We argue in our brief, and I will go over it again, that the specification is not even clear that the action happened in September. But even assuming that the specification means that it happened in September rather than March, there's no harmless error based on that date, contrary to what Mr. Garcia said. There's no harmless error? No harmful error. No harmful error. There's no harmful error. It may be different, depending on what side you're on. Yes. There's no harmful error concerning that date. There's no evidence in the decision on the notice of proposed removal that Commander Lewis, who was the deciding official, saw anything in terms of the timing or the number of times that this occurred. There's no evidence that he saw that as an issue in terms of removal. Does counseling punishment? The counseling punishment? No. Does counseling punishment? No, Your Honor. The counseling that he received for this issue is not punishment. It was part of the investigation. It was basically a notification that his administrative access privileges had been revoked because they were in the process of investigating him for giving out his password to a number of individuals. So the counseling, in this case, the counseling letter of December 2004, was not a punishment, but rather a way to notify him that his privileges were being removed so he could be investigated. And then the removal was the result of the investigation, which found that, first of all, that he had given his password to Ms. Johnson, and also the second specification of him accessing the folders on the employee's files, which I will move on to. It sounds like you're not really responding to what Mr. Ronnie contends. He contends that under the collective bargaining agreement, counseling counts as punishment. Right. Either that's accurate or not, and it may be a matter or it doesn't matter, but you're not responding on either line. You're ignoring his argument. Don't you want to answer his argument? What I was saying is that we believe that the counseling is not punishment, that the counseling was simply a notification that his privileges were being removed. Is reprimand not listed as punishment in the collective bargaining agreement? Your Honor, I don't have the answer to that specifically, whether it's listed as a punishment or not. Have you seen it? I have not. Is it in the record? I don't believe so. But the letter, if you look carefully at the letter, it's all it's doing is informing Mr. Garcia that his access privileges have been limited. It's not a punishment. It's limiting his privileges in order to investigate what he's been doing. The investigation then led to the punishment, and the punishment was a removal. It's not as if he's being punished twice. It's as if he's being investigated over a period of time and then being punished by the removal at the end. I also wanted to address the issue of his accessing the employee's electronic folders. Mr. Garcia contends that there's no evidence that the information in these files were sensitive or privileged in any way. But actually, during the hearing, Commander Lewis testified that Mr. Garcia was likely accessing sensitive or privileged information, as we state in the supplemental appendix of page 68. And furthermore, Mr. Garcia argues that this was a shared drive, that any employee could have accessed any of these folders. That's also not the case. It was a shared drive in the sense that each employee had a folder of their own on that drive, but one employee did not access another employee's folders on that drive, unless they had administrative access. So it wasn't a shared drive, and it was something that Mr. Garcia did not have been accessing. Going back to the charge concerning the giving away the password, Mr. Garcia mentioned that the specifications said, even after this, as if it was talking about the March incident and the September incident as two separate incidents, rather than saying that it only happened in March, but if you read the notice of proposed removal, the even after this phrase refers to even after having his access limited. It doesn't refer to the fact that he gave away his password once before. So that part of the specification is not saying that it happened twice. Also, the use of the word again in the specification is also not clear that it is talking about him giving his password specifically to Ms. Johnson twice. As Mr. Garcia mentioned, below there were charges of him giving his password to several other individuals, and again, it seems to refer to the other individuals. It's not clear that it again refers specifically to Ms. Johnson. As I stated before, it doesn't matter either way because Commander Lewis did not consider whether it happened more than once, the timing of it. He just considered the seriousness of the charge given Mr. Garcia's position, and given the type of information that Mr. Garcia's battalion worked with, he said in his decision that his main concern was Mr. Garcia's callous disregard for the security of the battalion's computer system, given his position and the sensitivity of his position. And that also brings me to the reasonableness of removal as a penalty. As you know, this court has to defer significantly to the- Was there any argument about the reasonableness of the penalty by Mr. Bonney? I don't remember. Not in oral argument, Your Honor, but he did- Well, you've already answered in your brief what he said in his brief. He hasn't argued it here today. I have a question of whether you should be rebutting an argument he never made. Well, then, Your Honor, if there are no further questions based on our arguments in the brief, then today we request that you adjourn the MSPB. Thank you, Mr. Bonney. Your Honor, the information that the government has supplied you is inaccurate in many regards. Ms. Johnson had complete access that was given to her because that was her job. She was doing that. Once again, the person that was investigating this for the government stated, in my mind, this was a fairly minor offense. That's certainly a mitigating factor that would go to the disciplinary action. Your Honor, I think that the disciplinary action for a 15-year employee that's been rated as outstanding at all times would obviously, when somebody says it's a minor offense, would require mitigation. And, Your Honor- What is it that you're rebutting? This is rebuttal. What argument that Ms. Conlin made are you now rebutting? Well, Your Honor, she indicated- It's like you're trying to raise a new argument when I wouldn't let her argue about penalty because you hadn't raised it in your principal argument. Now you're trying to raise it in your rebuttal argument. You can't do that. But, Your Honor, it's in our brief that the bill came out. Of course it's in your brief, and we have it in your brief, and we'll evaluate it on your brief and on her brief. But it's not fair for you, in a rebuttal argument, to raise a new argument which she has no chance to respond to. I understand, Your Honor. The other question was, there's a little misapprehension about the networks that were involved. The government keeps trying to tell you that this was a secure network and that this was being endangered with the troops. Well, in fact, there were two networks. One, a Windows-type network, and then one for WPS that involved the shipping of goods. The network that we're talking about was a Windows network, which the access was given to. And the agency keeps confusing that issue and trying to make it look more egregious than it actually is. I see that my time has expired. I thank you all. Thank you, both counsel. We'll take the appeal under advisory. Thank you.